WALKER, J., dissenting.
These issues were submitted:
1. Was the plaintiff, J. M. Mace, wrongfully put off the defendant's train, as alleged in the complaint? Answer: Yes.
2. If so, was the expulsion of the plaintiff, J. M. Mace, malicious, wanton or accompanied with violence or rudeness and insult? Answer: No.
3. What damages, if any, is the plaintiff, J. M. Mace, entitled to recover? Answer: One hundred and fifty dollars.
The court rendered judgment for the plaintiff, and the defendant appealed.
The facts are stated in the opinion of the Court.
The plaintiff purchased of defendant's agent, at Rock Hill, S.C., on 1 July, 1908, tickets for the transportation to Hickory, N.C. and return, good until 8 July, 1908. The tickets contained stipulations, printed on their face, that they were good for transportation of the passenger "via short line only," and were "good for return same route only." (406)
The evidence was that the plaintiff used this ticket in payment of transportation from Rock Hill, S.C., to Hickory, N.C. coming by way of Charlotte and Statesville, the shortest and most direct route, and that on returning to Rock Hill he undertook to return by way of Marion, N.C. and Blacksburg, S.C., to Rock Hill, which route was a distance of fifty-one miles farther than the way he had come, and that on plaintiff's embarking on defendant's train at Hickory, N.C. on his return by way of Marion, N.C. the defendant's conductor in charge of said train refused to accept this ticket in payment of transportation on this route, and demanded that plaintiff pay fare to Marion, N.C. or else that he alight from the train at the next station; and that the plaintiff thereupon refused to pay fare to Marion and alighted from the *Page 394 
train at Connelly Springs, the first station west of Hickory, and the next day returned by way of Statesville and Charlotte.
It was in evidence that the shortest and most direct route was by way of Charlotte and Statesville, and that it was fifty-one miles farther by way of Marion and Blacksburg.
The objection is made by the defendant that the declarations of defendant's agent, made to plaintiff at Rock Hill and Hickory, are incompetent for the purpose of varying the contract of transportation, as set out on the fact of the ticket. We quite agree with the learned counsel for defendant, but the evidence does not appear to have been received for any such purpose.
The reason for the competency of the evidence is that the plaintiff had the right to be informed as to which is the shortest route, and the defendant's agents were the proper persons for him to apply to.
The matter was put before the jury with such clearness that they evidently did not fail to comprehend what was the true issue. His Honor instructed them as follows: "If you find from the evidence that the ticket that has been introduced in evidence is a copy of the tickets which were issued to the plaintiff and contained the stipulation, `via, the short route and return the same way,' then the plaintiffs would be bound by that, and they would have to go the shortest route and return the same way, unless the agent who sold them the tickets at Rock Hill told them that they were good by way of Marion as well as by way of Statesville and Charlotte; if the agent told them that, and the plaintiffs did not know which was the shortest route, and could not by reasonable diligence have ascertained that, then they had a right to rely upon (407) the statement made to them by the agent at Rock Hill; and if, under those circumstances, they went to Hickory, and, in order to ascertain whether they could go on the train to Marion, applied to the agent at Hickory, and he confirmed the statement that was made by the agent at Rock Hill by telling them they could go by Marion, then they had a right to rely upon the statement of the two agents and to return by way of Marion; and if they were ejected from the train after offering that ticket and informing the conductor, then they were wrongfully put off the train, and the defendant would be liable in actual damages, it makes no difference whether the ejectment was with or without rudeness, with malice or without, or wanton or not wanton."
We think that a correct statement of the law governing this case.
The fact that the conductor did nothing wrongful upon his part does not exculpate the defendant from liability for the negligence of its station agent in causing plaintiff to take the wrong route on his return home. This liability is upon the same principle that when a passenger holds a ticket good on one train and one route, by direction of the gate *Page 395 
keeper is made to take another train going in the wrong direction, the carrier is liable for the negligence of its agent.
While the ticket contains the contract, it furnishes no indication as to which is the shortest route or the proper train to take.
Had there been no misdirection and no inquiry, there would be no liability, if the passenger had made the mistake himself. Hufford v. R. R., 8 Am. St., 859; Head v. R. R., 11 Am. St., 434; R. R. v. Gaines, 59 Am. St., 465.
No error.
WALKER, J., dissenting.
Cited: Harvey v. R. R., 153 N.C. 573; Norman v. R. R., 161 N.C. 339;Hallman v. R. R., 169 N.C. 131; Sawyer v. R. R., 171 N.C. 16.